Aaron W. Baker, OSB No. 922220
aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
serena@awbakerlaw.com
BAKER LAW PC
1 SW Columbia, Suite 1850
Portland, OR 97258
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DENVER EVERS**, <br><br> Plaintiff, <br><br> v. <br><br> **ROGER LANGELIERS CONSTRUCTION CO.**, <br><br> Defendant. | Case No. 6:20-cv-1843 <br><br> COMPLAINT <br><br> Unlawful Employment Practices <br><br> (42 U.S.C. § 1981; <br> ORS 659A.030; ORS 659A.199; <br> ORS 659A.040) <br><br> **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for himself to redress injuries done to him by Defendant or officers, employees, or agents of said Defendant in contravention of

COMPLAINT - 1

his federally protected rights in violation of 42 U.S.C. § 1981, and his state protected rights in violation of Oregon's anti-discrimination laws, ORS 659A.030 ORS 659A.040 and ORS 659A.199.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 et seq., 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims arose in this judicial district.

## General Factual Allegations

4.

Defendant was and is at all times herein mentioned a corporation incorporated in the state of Oregon, doing business in Lane County, Oregon.

5.

At all material times herein, Defendant employed at least 6 employees.

6.

Plaintiff was and is a resident of Oregon at all material times herein.

7.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors, and management for Defendant.

///

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, racial discrimination, racial harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination and for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

9.

Plaintiff is a black, African American male. During Plaintiff's employment with Defendant he was married to a white, Caucasian female.

10.

Defendant hired Plaintiff on or about April 18, 2018 as a Laborer.

11.

Plaintiff worked hard for Defendant but was not promoted. Other less qualified laborers who were not black, and/or that were black but not married to a white woman, were promoted ahead of Plaintiff.

12.

Plaintiff was discriminated against and subjected to a hostile work environment because of his race and was treated less favorably and subjected to heightened scrutiny compared to other similarly situated individuals outside of Plaintiff's race, and/or marital status. These incidents include, but are not limited to, the following examples:

1. Plaintiff's company truck toolboxes were locked when other employees' toolboxes were not locked.
2. On or about April 24, 2018 Derrick, the Hillsboro Foreman, withheld water from Plaintiff. Derrick did not withhold water from other employees.

3. On or around May 3, 2018 Derrick played a Davis Allen Coe song called "Nigger Fucker," also known as "White Girl and a Nigger," containing the lyrics "'Cause there's nothing quite as worthless as a white girl with a nigga" and "So for all you nigga lovin' whores this song is just for you" from his company vehicle at a worksite.

4. On or around May 4, 2018 Derrick again played the offensive Davis Allen Coe song from his work vehicle on a jobsite. While playing the song, Derrick looked directly at Plaintiff and smiled.

5. On or about June 19, 2018 a Foreman told Plaintiff "you guys have Martin Luther King boulevard. We want Charlton Heston Lane so you guys will not try to come around or try to move into the area" or words to that effect.

6. On or about June 21, 2018 Plaintiff reported to Defendant that he had sustained an injury on the job. Plaintiff informed the job Superintendent he was going to the hospital. The Superintendent told Plaintiff not to use insurance and that he would pay Plaintiff's medical bill. Plaintiff was never reimbursed for the medical bills he incurred.

7. On or about June 23, 2018 Plaintiff sought treatment for his work injury at a hospital.

8. On or about July 19, 2018 Plaintiff went to the hospital to seek additional treatment for his work injury.

9. On or about July 24, 2018 Plaintiff returned to work and informed Defendant of his hospital visits and treatment.

10. Plaintiff was never provided with workers' compensation information or paperwork from Defendant.

11. On multiple occasions throughout Plaintiff's employment Wayne, the Coburg shop Foreman, referred to Plaintiff as "his nigger."

12. Throughout Plaintiff's employment Defendant's employees would use the word "nigger" and/or "nigga" in various ways and in various offensive statements.
13. Defendant's employees regularly made comments about coworkers' races. For example, an employee referred to Melvin "Craig" Howard as a "Black chicken in a white chicken coop" or words to that effect. Additionally, Superintendent Kevin Archer asked Howard if he was "grateful that [Archer's] ancestors took [Howard's] ancestors as slaves so that he could be here making this good money" or words to that effect.
14. Defendant fired Plaintiff on or about August 15, 2018 using the pretext that he failed a urinalysis due to the temperature of the sample. Defendant's policy and/or procedure when an employee fails a urinalysis is to give the employee a "last chance agreement" rather than firing the employee. Defendant did not give Plaintiff the option of a "last chance agreement" and instead fired him without further discussion.

13.

Plaintiff reported and complained on numerous occasions to Defendant about the discrimination and harassment.

14.

Plaintiff filed a Complaint with Oregon's Bureau of Labor and Industries ("BOLI") on or about July 31, 2019 alleging violations of ORS 659A.040 and ORS 659A030.  BOLI issued a Notice of Substantial Evidence Determination on July 31, 2020.  BOLI issued a Notice of Right to File a Civil Suit on July 31, 2020.

///
///
///

## First Claim for Relief
## ORS 659A.030 – Discrimination

15.

Plaintiff realleges paragraphs 1 through 14.

16.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to terminating Plaintiff's employment, on the basis of race and marital status in violation of ORS 659A.030.

17.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages, including lost wages, in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

18.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

19.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

20.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

///

///

## Second Claim for Relief

## 42 U.S.C. § 1981 – Discrimination

21.

Plaintiff realleges paragraphs 1 through 20.

22.

Defendant discriminated against Plaintiff in the terms and conditions of employment, including but not limited to terminating Plaintiff's employment, on the basis of his race in violation of 42 U.S.C. § 1981.

23.

As a result of the discrimination by Defendant, Plaintiff has incurred economic damages including lost wages in an amount to be proven at trial and Plaintiff will continue to have lost income and benefits into the future.

24.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience, and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

25.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

26.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988.

///

///

## Third Claim for Relief

### ORS 659A.030 – Hostile Work Environment

27.

Plaintiff realleges paragraphs 1 through 26.

28.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

29.

Plaintiff realleges his damages as stated in Paragraphs 17 through 20 above.

## Fourth Claim for Relief

### 42 U.S.C. § 1981 – Hostile Work Environment

30.

Plaintiff realleges paragraphs 1 through 29 above as fully set forth herein.

31.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected his employment opportunities.

32.

Plaintiff realleges his damages as stated in Paragraphs 23 through 26 above.

///

///

## Fifth Claim for Relief

## ORS 659A.030 – Retaliation

33.

Plaintiff realleges paragraphs 1 through 32 as fully set forth herein.

34.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated ORS 659A.030.

35.

Defendant's retaliation against Plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated ORS 659A.030.

36.

Plaintiff realleges his damages as stated in Paragraphs 17 through 20 above.

## Sixth Claim for Relief

## 42 U.S.C. § 1981 – Retaliation

37.

Plaintiff realleges paragraphs 1 through 36 as fully set forth herein.

38.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

///

39.

Defendant's retaliation against Plaintiff was motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. § 1981.

40.

Plaintiff realleges his damages as stated in Paragraphs 23 through 26 above.

### Seventh Claim for Relief
### ORS 659A.199 – Whistleblower Retaliation

41.

Plaintiff realleges paragraphs 1 through 40 above as fully set forth herein.

42.

Defendant retaliated against Plaintiff in the terms and conditions of his employment in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be violations of federal and/or state laws, rules, or regulations.

43.

Plaintiff realleges his damages as stated in Paragraphs 17 through 20 above.

### Eighth Claim for Relief
### ORS 659A.040 – Workers' Compensation Discrimination

44.

Plaintiff realleges paragraphs 1 through 43 above as fully set forth herein.

45.

Defendant discriminated against Plaintiff in the terms and conditions of his employment in substantial motivating part due to Plaintiff's invocation,

application for benefits, or utilization of the workers' compensation system by terminating Plaintiff's employment.

46.

Plaintiff realleges his damages as stated in Paragraphs 17 through 20 above.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any harassment or discrimination based on race or for retaliating against any employee opposing unlawful employment practices;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees; and
6. For such other and further relief as the Court may deem just and equitable.

DATED this 26th day of October 2020.

BAKER LAW PC

*s/Aaron W. Baker*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff

COMPLAINT - 11